**STATE of Missouri, Respondent,**

v.

**Nina POTTS, Appellant.**

**No. WD33189.**

Missouri Court of Appeals,
Western District.

Aug. 31, 1982.

Charles W. Franklin, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

This is a direct appeal from a jury conviction for conspiracy to commit arson in violation of Section 564.016, RSMo 1978, and a resulting sentence of one year in the county jail. The sole point on appeal charges, "The trial court erred in admitting testimony from John Morgan [a prosecution witness] pertaining to what other cases and against what other persons he would testify under his agreement for immunity."

Defendant and her live-in boyfriend Doyle Williams occupied a house owned by defendant's father. Defendant and Williams obtained a fire insurance binder and then, according to the state's evidence, approached John Morgan to burn the house down. According to the state's evidence, Morgan agreed and actually did so. However, he was observed by a witness who reported what he had seen to the police. An investigation of the fire followed.

Morgan received an agreement of immunity, and testified for the prosecution. It is a portion of his testimony upon which defendant bases this appeal. On direct examination it was developed that Morgan had agreed to testify in exchange for immunity for several criminal activities in which he had been involved. Morgan then testified to the details of the arson charged in this case, including defendant's participation.

On cross-examination, defendant's counsel sought to impeach Morgan by emphasizing the agreement for immunity:

"Q Now, on this immunity that you have been offered by the State of Missouri, in order to testify against Nina Potts, have you been offered— have you been offered immunity in a capital murder case?

A (No answer indicated.)

Q Mr. Morgan, didn't you hear my question?

A I'd like for you to state the question again.

Q Have you been—Have you been granted immunity by the State of Missouri, where you were a participant in the death of Kerry Brummett?

A Yes. In order to testify in several other charges too.

A All right. But her too?

A Right. But, there's several other cases, in which two of them are murder cases too."

The cross-examination then attempted to question Morgan on the details of the murder of Kerry Brummett. The state objected and that objection was sustained. The cross-examination in detail then addressed Morgan's immunity in the instant case and more than ten additional crimes including burglary, theft, arson and murder.

On redirect examination Morgan was asked:

"Q Mr. Morgan, your understanding of the plea agreement is that you must testify in certain other cases?

A Yes.

Q Okay. Would one of those cases be the case of the murder of a Dr. A. H. Domann of Auxvasse, Missouri?

A Yes.

Q Is one—

MR. FRANKLIN: Judge, I object. It has nothing to do with this case, other than an agreement—

MRS. GARBER: He's opened up the area, I believe.

THE COURT: Objection will be overruled."

The redirect continued, resulting in another general objection as follows:

"Q Are you going to testify in the case of the arson of the residence of—

MR. FRANKLIN: Judge—

MRS. GARBER: —of Betty Coleman?

MR. FRANKLIN: Judge, I object. This is a different case, a different crime. It has nothing to do with this case. It's irrelevant and immaterial.

THE COURT: Overruled."

Then the redirect reached the point where Williams was mentioned for the first time. The examination went as follows:

"Q Is part of your agreement that you testify in a case concerning the uttering of a forged—an attempt to obtain drugs with a forged prescription now pending in Moniteau County, pending against Doyle Williams?

MR. FRANKLIN: Judge, I object to the form of the question.

THE COURT: It will be overruled.

THE WITNESS: Yes.

Q (BY MRS. GARBER) And does the murder case, in which you are going—

Is it part—Is this murder case involving the death of A. H. Domann, in which you are going to testify, is that against one Doyle Williams?

A Yes.

Q And is the murder of Kerry Brummett, in which you are going to testify, is the defendant in that case one Doyle Williams? A Yes.

Q And is the burglary case of Dr. Domann's offices, the defendant in that case, one Doyle Williams?

A Yes.

Q And is the defendant in the arson case concerning Betty Coleman, one Doyle Williams? A Yes.

In her argument to this court, defendant complains that "[b]y injecting the fact that DOYLE WILLIAMS was facing criminal charges in the above stated widely-publicized cases, the jury could hardly be expected not to be influenced by Appellant's close relationship with WILLIAMS." The trouble with this argument is that it is neither properly presented here nor was it properly preserved in the trial court.

■ First of all, defendant's Point Relied On, which is quoted in the first paragraph of this opinion, utterly fails to comply with the requirements of Rule 30.06(d). Far more importantly, however, there was no adequate objection at trial. It is to be noted that the two initial objections made during redirect examination related to general questions which did not mention Williams at all. When the prosecutor did get to a series of questions which did mention Williams, the only objection of any kind related merely to "the form of the question." Then a series of questions were asked implicating Williams in the prior crimes, to none of which did defendant interpose any objection whatever. At no time did defendant ever make an objection which remotely resembled the one now argued by her in this court.

■ Still further, the only points relating to this matter in the motion for new trial read as follows:

"3. The Court erred in admitting incompetent, irrelevant, and immaterial evidence over objection of Defendant in permitting JOHN MORGAN to testify regarding in what other cases and against what other Defendants he would be testifying under an agreement with the State involving the immunity of JOHN MORGAN from prosecution.

4. The Court erred in not granting Defendant's request for a mistrial after JOHN MORGAN, over objection, testified regarding in what other cases and against what other Defendants he would be testifying."

Those assignments were far from adequate to advise the trial court of the real nature of the objection and fall far short of indicating the form of argument now attempted to be pursued here.

■ Defendant does not request review of her point as "plain error" under Rule 29.12(b); and in any event in the exercise of the discretion accorded us under that rule, we decline to do so.

Affirmed.

All concur.